**Jonathan Stone, ESQ, CPA, MST, LLC**
**Jonathan Stone, Esquire**
**490 Schooley's Mountain Road – Bldg. 3A**
**Hackettstown, New Jersey 07840–4002**
**Tel. (908) 979–9919 / Fax. (908) 979–9920**
jonathan@jonstonelaw.com
**Attorney for Debtor**

---

| | |
|---|---|
| **In re:** | **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
| **Lisa Ann Filippini,** | **Chapter 13** |
| **Debtor.** | **Case No.  25–16171 (JKS)** |
| | **Honorable John K. Sherwood, U.S.B.J.** |

---

### BRIEF IN SUPPORT OF MOTION TO WITHDRAW

---

**Jonathan Stone, Esquire**
490 Schooley's Mountain Road – Bldg. 3A
Hackettstown, New Jersey 07840–4002
(908) 979–9919
Attorney for Debtor

On the Brief:

     Jonathan Stone, Esquire

## TABLE OF CONTENTS
### FOR
### BRIEF IN SUPPORT OF MOTION TO WITHDRAW

**BACKGROUND** ............................................................................................................. **1**

**STATEMENT OF FACTS** .............................................................................................. **1**

**LEGAL STANDARD FOR WITHDRAWAL** ............................................................ **2**

**ARGUMENT** .................................................................................................................. **3**

    A.    WITHDRAWAL IS MANDATORY UNDER N.J. RPC 1.16(A) ............................... 3

    B.    N.J. RPC 1.2(D) – CANNOT ASSIST CRIMINAL OR FRAUDULENT CONDUCT ................... 4

    C.    N.J. RPC 1.7 – PERSONAL INTEREST CONFLICT ............................................... 6

    D.    N.J. RPC 3.3 – CANDOR TO THE TRIBUNAL .................................................... 8

    E.    N.J. RPC 3.7 – LAWYER AS WITNESS ............................................................. 9

    F.    PUBLIC DISCLOSURE IS PROPER UNDER N.J. RPC 1.6 .................................. 11

    G.    GOOD CAUSE EXISTS UNDER N.J. RPC 1.16(B) .............................................. 14

    H.    NO PREJUDICE WILL RESULT FROM WITHDRAWAL ....................................... 15

**CONCLUSION** ............................................................................................................ **18**

## TABLE OF AUTHORITIES

### CASES

*Cinema 5, Ltd. v. Cinerama, Inc.*,
   528 F.2d 1384 (2d Cir. 1976)--------------------------------------------------------------------16

*In re Aluisi*,
   364 N.J. Super. 224 (App. Div. 2003)---------------------------------------------------------- 5

*In re Corn Derivatives Antitrust Litig.*,
   748 F.2d 157 (3d Cir. 1984) ------------------------------------------------------------------- 7

*In re Downs*,
   103 F.3d 472 (6th Cir. 1996) ----------------------------------------------------------------- 2

*In re Grand Jury Subpoena*,
   419 N.J. Super. 277 (App. Div. 2011)----------------------------------------------------------12

*In re Lerner*,
   124 F.3d 182 (2d Cir. 1997) -------------------------------------------------------------3, 13

*In re Opinion No. 653*,
   132 N.J. 124 (1993) -------------------------------------------------------------------------- 3

*In re Shehan*,
   224 B.R. 41 (Bankr. D.N.H. 1998) ----------------------------------------------------------- 3

*In re Walton*,
   515 B.R. 622 (Bankr. N.D. Ga. 2014)----------------------------------------------------3, 16

*In re Wilson*,
   81 N.J. 451 (1979) --------------------------------------------------------------------------- 3

*State v. Hogan*,
   336 N.J. Super. 319 (App. Div. 2001)---------------------------------------------------------- 5

*State v. Tate*,
   102 N.J. 64 (1986) --------------------------------------------------------------------------11

### STATUTES

N.J.S.A. § 2C:21–1------------------------------------------------------------- 2, 7, 12, 16, 19, 21, 23

N.J.S.A. § 2C:21–1(a) ----------------------------------------------------------------------------- 5

N.J.S.A. § 2C:21–17 --------------------------------------------------------------------------2, 8, 23

N.J.S.A. § 2C:21–17(a)----------------------------------------------------------------------------- 6

### RULES

Fed. R. Bankr. P. 2017----------------------------------------------------------------------------- 2

N.J. RPC 1.16(a)------------------------------------------------------------------------------- 16, 18

N.J. RPC 1.16(a)(1) ------------------------------------------------------------------------------------ 1, 4, 23

N.J. RPC 1.16(b) ---------------------------------------------------------------------------------------- 18

N.J. RPC 1.16(b)(2) ------------------------------------------------------------------------------------- 18

N.J. RPC 1.16(b)(4) ------------------------------------------------------------------------------------- 19

N.J. RPC 1.16(b)(6) ------------------------------------------------------------------------------------- 19

N.J. RPC 1.2 --------------------------------------------------------------------------------------------- 5

N.J. RPC 1.2(d) ----------------------------------------------------------------------------------- 1, 4, 6, 7, 23

N.J. RPC 1.6 --------------------------------------------------------------------------------------------- 15

N.J. RPC 1.6(a) ------------------------------------------------------------------------------------------ 13

N.J. RPC 1.6(b) ------------------------------------------------------------------------------------- 13, 18

N.J. RPC 1.6(b)(2) -------------------------------------------------------------------------------- 13, 14

N.J. RPC 1.6(b)(3) -------------------------------------------------------------------------------------- 15

N.J. RPC 1.6(b)(5) -------------------------------------------------------------------------------------- 15

N.J. RPC 1.7 ------------------------------------------------------------------------------------------ 1, 8

N.J. RPC 1.7(a)(2) ------------------------------------------------------------------------------------- 7

N.J. RPC 3.3 ------------------------------------------------------------------------------------------ 1, 9

N.J. RPC 3.7 ----------------------------------------------------------------------------------------- 1, 13

N.J. RPC 3.7(a) ------------------------------------------------------------------------------------ 11, 12

## BACKGROUND

This brief is submitted in support of the undersigned counsel's Motion for Leave to Withdraw as attorney for Debtor Lisa Ann Filippini.  The facts supporting this Motion are outlined in detail in the Certification of Jonathan Stone, Esquire, filed contemporaneously herewith.

This case presents extraordinary and unprecedented circumstances: a debtor who committed forgery and criminal impersonation under New Jersey law by fraudulently using her own bankruptcy attorney's name and signature to threaten a former employee, and then attempted to obstruct justice by claiming confusion about conduct she had previously admitted orchestrating.

Withdrawal is not merely appropriate – it is **mandatory** under the New Jersey Rules of Professional Conduct.  Specifically, **N.J. RPC 1.16(a)(1) requires withdrawal when "the representation will result in violation of the Rules of Professional Conduct or other law."**  Continued representation would violate N.J. RPC 1.2(d), 1.7, 3.3, and 3.7, making withdrawal mandatory.

This Court should grant the Motion without hesitation.

## STATEMENT OF FACTS

1.   **The facts are outlined in detail in the Certification of Jonathan Stone, Esquire, and are briefly summarized here for convenience.**

2.   **On October 4, 2025, the Debtor orchestrated a scheme to threaten former employee Shirley De Paola using a letter that fraudulently bore the undersigned counsel's name and falsely identified him as "Attorney for Lisa's Priceless Pets."  The Debtor admitted that she**

requested her CPA (a non–lawyer) to draft the letter, received the
completed letter, and caused it to be delivered to Ms. De Paola.  The
letter threatened to "file charges" against Ms. De Paola and made
other threatening statements.  Undersigned counsel had no knowledge
of or involvement in this letter.

3.    This conduct constitutes forgery under N.J.S.A. § 2C:21–1 and
potentially criminal impersonation under N.J.S.A. § 2C:21–17.

4.    On October 12, 2025, after clearly admitting to the forgery, the
Debtor sent undersigned counsel a text message claiming she is
"confused" and does not understand what she did wrong.  This text
represents an attempt to create a false record and demonstrates a
continued pattern of dishonesty.

5.    The Debtor's conduct has created irreconcilable conflicts that make
continued representation impossible and unethical.

### LEGAL STANDARD FOR WITHDRAWAL

Federal Rule of Bankruptcy Procedure 2017 governs the withdrawal of attorneys in
bankruptcy cases.  While the rule does not set forth an explicit standard, bankruptcy courts
require that an attorney obtain permission before withdrawing from representation.  *See In re
Downs*, 103 F.3d 472, 478 (6th Cir. 1996).

Courts evaluate withdrawal motions by balancing several factors:

1. The attorney's reasons for seeking withdrawal;

2. The timing and stage of the proceedings;

3. Prejudice to the client;

- 2 -

4. Prejudice to other parties and the court; and

5. Whether the attorney–client relationship has broken down.

*See In re Shehan*, 224 B.R. 41, 44 (Bankr. D.N.H. 1998); *In re Walton*, 515 B.R. 622, 626

(Bankr. N.D. Ga. 2014).

**When withdrawal is mandatory under applicable ethical rules–here, the New Jersey**

**Rules of Professional Conduct–courts generally grant the motion if the client will have**

**adequate time to obtain substitute counsel.**  *See In re Walton*, 515 B.R. at 626; *In re Lerner*,

124 F.3d 182, 185 (2d Cir. 1997).

The New Jersey Rules of Professional Conduct govern the conduct of attorneys admitted

in New Jersey, including undersigned counsel.  These rules have the force of law and must be

followed.  *See In re Wilson*, 81 N.J. 451 (1979).

## ARGUMENT

### A.    Withdrawal Is Mandatory Under N.J. RPC 1.16(a)

**New Jersey Rule of Professional Conduct 1.16(a)(1)** states:

> Except as stated in paragraph (c), **a lawyer shall not represent a
> client or, where representation has commenced, shall withdraw**
> from the representation of a client if:  (1) **the representation will
> result in violation of the Rules of Professional Conduct or other
> law**.

N.J. RPC 1.16(a)(1).

This rule uses **mandatory** language: "**shall** withdraw," not "may withdraw."  When an

attorney's continued representation would result in a violation of the Rules of Professional

Conduct or other laws, withdrawal is **required**, not optional.

The New Jersey Supreme Court has emphasized the mandatory nature of this rule.  *See In*

*re Opinion No. 653*, 132 N.J. 124, 132 (1993) (emphasizing that attorneys must comply with

ethical obligations even when doing so is difficult).

- 3 -

Here, continued representation of the Debtor will violate multiple New Jersey Rules of

Professional Conduct, as detailed below.  Therefore, withdrawal is mandatory under N.J. RPC

1.16(a)(1).

**B.**    **N.J. RPC 1.2(d) – Cannot Assist Criminal or Fraudulent Conduct**

**New Jersey Rule of Professional Conduct 1.2(d)** provides:

> A lawyer shall not counsel a client to engage, or assist a client, in
> conduct that the lawyer knows is criminal or fraudulent.

N.J. RPC 1.2(d).

This rule is grounded in the principle that lawyers must not facilitate or participate in

illegal conduct.  Comment [10] to N.J. RPC 1.2 explains:

> When the client's course of action has already begun and is
> continuing, the lawyer's responsibility is especially delicate.  The
> lawyer is required to avoid assisting the client... A lawyer may not
> continue assisting a client in conduct that the lawyer originally
> supposed was legally proper but then discovers is criminal or
> fraudulent.

N.J. RPC 1.2

**The Debtor's Criminal Conduct Under New Jersey Law**

The Debtor has engaged in criminal conduct under New Jersey law:

**1. Forgery – N.J.S.A. § 2C:21–1**

N.J.S.A. § 2C:21–1(a) provides:

> A person is guilty of forgery if, with purpose to defraud or injure
> anyone, or with knowledge that he is facilitating a fraud or injury to
> be perpetrated by anyone, the actor:   (1) Alters or changes any
> writing of another without his authorization...

N.J.S.A. § 2C:21–1(a).

The Debtor caused a letter to be created that bore the undersigned counsel's name and signature without his authorization. This constitutes forgery under New Jersey law. *See State v. Hogan*, 336 N.J. Super. 319 (App. Div. 2001) (forgery includes unauthorized use of another's name on documents).

## 2. Criminal Impersonation - N.J.S.A. § 2C:21–17

N.J.S.A. § 2C:21–17(a) provides that a person commits impersonation when the person "impersonates another or assumes a false identity and does an act in such assumed character or false identity for purpose of obtaining a benefit for himself or another or to injure or defraud another."

By using the undersigned counsel's name to threaten Ms. De Paola with legal action, the Debtor impersonated an attorney for the purpose of intimidating a former employee.

## 3. Fraud

The Debtor knowingly made false representations to Ms. De Paola by causing delivery of a letter purporting to be from legal counsel when it was not.

## 4. October 12 Text – Potential Obstruction

The Debtor's October 12, 2025 text message attempting to create a false record claiming ignorance may constitute obstruction of justice under state or federal law.

### Cannot Continue Assisting Client in Criminal Conduct

Undersigned counsel now knows that the Debtor has committed these crimes under New Jersey law. Under N.J. RPC 1.2(d), counsel cannot continue to assist the Debtor in her bankruptcy case while she engages in criminal conduct.

The New Jersey Supreme Court has held that lawyers have a duty to withdraw when they discover a client is engaged in fraudulent conduct. *See In re Aluisi*, 364 N.J. Super. 224 (App. Div. 2003).

Moreover, the Debtor's October 12, 2025 text message demonstrates that she continues to engage in dishonest conduct by attempting to create a false record.  This is ongoing fraudulent conduct that undersigned counsel cannot assist.

Continued representation would violate N.J. RPC 1.2(d).

**C.    N.J. RPC 1.7 – Personal Interest Conflict**

**New Jersey Rule of Professional Conduct 1.7(a)(2)** prohibits representation when:

> there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by **a personal interest of the lawyer**.

N.J. RPC 1.7(a)(2).

Comment [10] to N.J. RPC 1.7 states:

> The lawyer's own interests should not be permitted to have an adverse effect on representation of a client.  For example, if the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice.

N.J. RPC 1.7(a)(2).

**Undersigned Counsel Is a Crime Victim**

This is not a case of mere disappointment or disagreement with a client.  Undersigned counsel is a **crime victim** under New Jersey law.  The Debtor:

- **Forged his name and signature in violation of N.J.S.A. § 2C:21–1;**

- **Potentially impersonated him as an attorney in violation of N.J.S.A. § 2C:21–17;**

- **Damaged his professional reputation;**

- **Exposed him to potential liability if third parties believe he actually sent the threatening letter;**

**- 6 -**

- **Betrayed his trust in the most fundamental way.**

These harms create a personal interest that materially limits undersigned counsel's ability to represent the Debtor objectively and zealously.

### Counsel's Interests Are Adverse to Debtor's Interests

As a result of the Debtor's conduct, undersigned counsel is considering or pursuing the following actions:

1. Criminal complaints under New Jersey law;

2. Civil actions for damages;

3. Reports to this Court and the trustee (through this Motion and the Notice of Fraudulent Conduct);

4. Bar complaints against those who assisted in the forgery.

These interests are directly adverse to the Debtor's interests in minimizing the consequences of her criminal conduct and obtaining a discharge in bankruptcy.

### No Reasonable Lawyer Could Continue

The Comments to N.J. RPC 1.7 provide that a conflict exists when "a reasonable lawyer would conclude that the lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests."  Comment [8].

No reasonable lawyer could zealously represent a client who forged that lawyer's name in violation of New Jersey criminal law.  The natural and appropriate human response–anger, distrust, desire for accountability and justice–makes objective representation impossible.

Courts recognize that personal interest conflicts of this nature cannot be overcome.  *See In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 162 (3d Cir. 1984) (personal interest conflicts may be unwaivable).

Continued representation would violate N.J. RPC 1.7.

**D.    N.J. RPC 3.3 – Candor to the Tribunal**

**New Jersey Rule of Professional Conduct 3.3(a)** provides:

> A lawyer shall not knowingly:   (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;   ...   (3) offer evidence that the lawyer knows to be false.

N.J. RPC 3.3.

Comment [10] to N.J. RPC 3.3 states:

> Having offered material evidence and knowing its falsity, a lawyer must take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

N.J. RPC 3.3.

**The Debtor's Fraudulent Conduct Undermines All Her Representations**

The Debtor has demonstrated a willingness to commit forgery and fraud under New Jersey law during the pendency of her bankruptcy case.  This conduct:

- **Provides powerful evidence to impeach her credibility regarding all testimony and representations;**

- **Demonstrates bad faith and dishonesty;**

- **Raises serious questions about whether other representations to this Court have been truthful;**

- **Occurred while she was under this Court's jurisdiction.**

When a debtor commits forgery during bankruptcy proceedings, it is reasonable to question the veracity of all representations made by that debtor.

### Specific Credibility Issues

The Debtor testified at the Meeting of Creditors that she is the sole owner of Lisa's

Priceless Pets.  Disputed Creditor Shannon Reilly asserts that the Debtor's mother, Diana Kemp[1]

under docket number 25–16553 (SLM) owns 50% of the business.  The Debtor's proven

willingness to commit forgery and fraud makes this testimony suspect.

Undersigned counsel cannot continue to represent the Debtor knowing that she has

engaged in fraudulent conduct that undermines her credibility on material issues before this

Court.

### Continuing Dishonesty

The Debtor's October 12, 2025 text message, in which she claims confusion about

conduct she clearly admitted, demonstrates ongoing dishonesty.  Undersigned counsel cannot

fulfill his duty of candor to the tribunal under N.J. RPC 3.3 while representing a client who

continues to engage in fraudulent and dishonest conduct.

Continued representation would violate N.J. RPC 3.3.

### E.      N.J. RPC 3.7 – Lawyer as Witness

**New Jersey Rule of Professional Conduct 3.7(a)** provides:

> A lawyer shall not act as advocate at a trial in which the lawyer is
> likely to be a necessary witness unless:  (1) the testimony relates to
> an uncontested issue;   (2) the testimony relates to the nature and
> value of legal services rendered in the case; or   (3) disqualification
> of the lawyer would work substantial hardship on the client.

N.J. RPC 3.7(a).

None of these exceptions apply here.

---

[1] The undersigned shall also file a motion to withdraw for Diana Kemp.

Comment [2] to N.J. RPC 3.7 explains the rationale:

> The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness.  The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation.

N.J. RPC 3.7(a).

### Undersigned Counsel Will Be a Necessary Witness

Undersigned counsel will be a necessary witness in any proceeding arising from this bankruptcy regarding:

**1. The Forgery:** Only undersigned counsel can testify that he did not write, review, or authorize the forged letter.  This testimony is essential to proving forgery under N.J.S.A. § 2C:21–1.

**2. The Debtor's Admissions:** Undersigned counsel can testify about the Debtor's clear admissions that she orchestrated the forgery.  These admissions are critical evidence of the Debtor's knowledge and intent.

**3. The October 12, 2025 Text:** Undersigned counsel can testify about receiving the October 12, 2025 text message and what it demonstrates about the Debtor's consciousness of guilt and continued dishonesty.

**4. Credibility Impeachment:** Undersigned counsel's testimony about the Debtor's forgery and dishonesty will be powerful evidence to impeach her credibility in the anticipated adversary proceeding and any other proceedings.

**5. Communications:** Undersigned counsel may be called to testify about communications with the Debtor regarding the business, its ownership, or the bankruptcy case.

**The Anticipated Adversary Proceeding**

Disputed Creditor Shannon Reilly has indicated he will file an adversary proceeding

regarding dischargeability.  Issues of honesty, fraud, and credibility will be central to that

proceeding.  Undersigned counsel's testimony about the forgery will be highly relevant and

likely necessary.

Courts have held that when an attorney is likely to be a necessary witness on material

issues, the attorney cannot continue as an advocate.  *See State v. Tate*, 102 N.J. 64 (1986).

Continued representation would violate N.J. RPC 3.7.

### F.   Public Disclosure Is Proper Under N.J. RPC 1.6

Some might question why undersigned counsel is making a detailed public disclosure of

the Debtor's forgery rather than seeking a quiet withdrawal.  The answer is that both ethical rules

and practical necessity require public disclosure in these circumstances.

### 1.   N.J. RPC 1.6(b) Exceptions to Confidentiality

**New Jersey RPC 1.6(a)** generally requires lawyers to maintain client confidentiality.

However, **N.J. RPC 1.6(b)** provides important exceptions that permit or require disclosure.

**N.J. RPC 1.6(b)(2)** permits disclosure:

> to prevent the client from committing a criminal, illegal or
> fraudulent act that the lawyer reasonably believes is likely to result
> in... substantial injury to the financial interest or property of another
> and in furtherance of which the client has used or is using the
> lawyer's services.

The Debtor used the undersigned counsel's name and professional identity to perpetrate

forgery and threaten a former employee.  This use of counsel's services in furtherance of fraud

triggers the exception in N.J. RPC 1.6(b)(2).

N.J. RPC 1.6(b)(3) permits disclosure:

> to prevent, mitigate or rectify the consequences of a client's criminal, illegal or fraudulent act in the furtherance of which the lawyer's services had been used.

Again, the Debtor's use of counsel's name in the forged letter triggers this exception.

**N.J. RPC 1.6(b)(5)** permits disclosure:

> to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client.

This is the "self–defense" exception. Undersigned counsel may need to defend against potential claims that he failed to represent the Debtor adequately or withdrew for improper reasons. Public disclosure protects against such claims.

Comment [10] to N.J. RPC 1.6 explains:

> Where the client's crime or fraud takes the form of a communication or a document and the lawyer's assistance or participation is thereby implicated, the exception applies, even though the lawyer had no knowledge that the communication was criminal or fraudulent at the time of the assistance or participation.

Here, the Debtor's fraud took the form of a forged letter bearing counsel's name. Counsel's professional identity was "implicated" in the fraud even though he did not know of it. The exception applies.

### 2.    Crime–Fraud Exception to Privilege

To the extent the Debtor might claim that information about the forgery is privileged, that claim fails under the crime–fraud exception.

Information about a client's ongoing or intended criminal conduct is not protected by attorney–client privilege. *See In re Grand Jury Subpoena*, 419 N.J. Super. 277 (App. Div. 2011).

The Debtor's forgery constitutes a crime under N.J.S.A. § 2C:21–1.  Her October 12, 2025 text message attempting to create a false record may constitute obstruction.  These crimes are not protected by privilege.

### 3.      Court Must Understand the Conflicts

As a practical matter, this Court cannot properly evaluate undersigned counsel's Motion to Withdraw without understanding the facts.

A motion citing only "irreconcilable conflicts" without explanation would be inadequate. Courts require specific factual and legal grounds for withdrawal.  *See In re Lerner*, 124 F.3d 182 (2d Cir. 1997).

The conflicts here arise from the Debtor's criminal conduct.  The Court must know what she did to determine whether withdrawal is mandatory under N.J. RPC 1.16(a).

### 4.      Bankruptcy Context Requires Disclosure

Bankruptcy proceedings have unique considerations that favor disclosure. As a court–supervised process with stringent honesty requirements, bankruptcy demands transparency when a debtor commits fraud during the proceedings.  **The trustee, creditors, and the United States Trustee have a right to know about the Debtor's criminal conduct because it directly affects her credibility, the administration of the estate, and the anticipated adversary proceeding regarding dischargeability.**  Because bankruptcy cases are public proceedings, information relevant to credibility and case administration should be available to all parties in interest.

**5.      No Malice – Ethical Necessity**

Undersigned counsel is not disclosing this information out of malice or

vindictiveness. Rather, **disclosure is required by duties under N.J. RPC 3.3**

**(candor to tribunal), permitted by exceptions in N.J. RPC 1.6(b)**, necessary

**for the Court to evaluate this Motion, appropriate given the public nature of**

**bankruptcy proceedings, and justified by the Debtor's use of counsel's**

**services in furtherance of fraud.**

**G.      Good Cause Exists Under N.J. RPC 1.16(b)**

Even if this Court were to find (incorrectly) that withdrawal is not mandatory under N.J.

RPC 1.16(a), good cause for permissive withdrawal exists under **N.J. RPC 1.16(b)**, which

provides that a lawyer **may** withdraw when certain conditions exist.

**1. N.J. RPC 1.16(b)(2) – Client Persists in Criminal Conduct**

**N.J. RPC 1.16(b)(2)** permits withdrawal when:

> the client persists in a course of action involving the lawyer's
> services that the lawyer reasonably believes is criminal or
> fraudulent.

N.J. RPC 1.16(b)(2).

The Debtor has committed forgery and fraud under New Jersey law and continues to

engage in dishonest conduct (as evidenced by the October 12, 2025 text).  This is precisely the

situation N.J. RPC 1.16(b)(2) addresses.

**2. N.J. RPC 1.16(b)(4) – Repugnant Conduct**

**N.J. RPC 1.16(b)(4)** permits withdrawal when:

> the client insists upon taking action that the lawyer considers repugnant or
> with which the lawyer has a fundamental disagreement.

N.J. RPC 1.16(b)(4).

Forging an attorney's name is among the most repugnant acts a client can commit against

counsel.  It:

- **Violates trust in the most fundamental way;**

- **Damages professional reputation;**

- **Constitutes serious criminal conduct under N.J.S.A. § 2C:21–1;**

- **Demonstrates profound dishonesty.**

This forgery creates a fundamental disagreement that makes continued representation

unreasonably difficult.

**3. N.J. RPC 1.16(b)(6) – Other Good Cause**

> **N.J. RPC 1.16(b)(6)** permits withdrawal when:

> []other good cause for withdrawal exists.

N.J. RPC 1.16(b)(6).

Additional good cause exists here, including:

- **Complete breakdown of trust;**

- **Ongoing dishonesty by the Debtor;**

- **Undersigned counsel's status as a crime victim;**

- **The appearance of impropriety;**

- **The need to preserve the integrity of the bankruptcy proceedings.**

**H.**    **<u>No Prejudice Will Result from Withdrawal</u>**

Courts consider whether withdrawal will prejudice the client, other parties, or the

administration of justice.  Here, no prejudice will result.

**- 15 -**

### 1. Adequate Time for Substitute Counsel

- **Disputed Creditor Shannon Reilly's adversary proceeding has not yet been filed;**

- **No immediate deadlines are pending, other than the confirmation hearing;**

- **The Debtor will have at least 30 days to retain substitute counsel;**

- **The bankruptcy case is not at a critical stage (no trial imminent, except that the confirmation hearing is scheduled for October 23, 2025).**

Courts regularly grant withdrawal motions when adequate time exists for the client to retain new counsel. *See In re Walton*, 515 B.R. at 626 – 27.

### 2. Debtor Created the Conflict

The Debtor cannot complain of prejudice when her own criminal conduct under New Jersey law made continued representation impossible.

As the Second Circuit has stated: "A party may not create grounds for disqualification and then seek to profit from it." *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1387 (2d Cir. 1976).

The Debtor forged her attorney's name in violation of N.J.S.A. § 2C:21–1. Any prejudice from withdrawal is entirely self–inflicted and cannot be attributed to undersigned counsel.

### 3. Orderly Transition

Undersigned counsel will cooperate with substitute counsel to ensure an orderly transition, including:

- **Transfer of the client file;**

- **Information about pending deadlines and matters;**

- **Status of the bankruptcy case;**

- **Factual background (subject to appropriate limitations).**

The Debtor will not be left without access to her case file or information about her case.

## 4. No Prejudice to Other Parties

- **Creditors** will not be prejudiced; they may benefit from the Debtor having unconflicted counsel;

- **The Trustee** will not be prejudiced; the trustee has been informed of the forgery through the Notice of Fraudulent Conduct;

- **Disputed Creditor Shannon Reilly** will not be prejudiced; he likely benefits from being able to use the forgery as evidence;

- **The Court** will not be prejudiced; the Court benefits from the Debtor having competent, unconflicted counsel.

## 5. Administration of Justice

Withdrawal serves the administration of justice by:

Ensuring the Debtor has unconflicted counsel who can represent her effectively;

- **Avoiding potential ineffective assistance issues;**

- **Allowing undersigned counsel to serve as a witness if necessary;**

- **Preserving the integrity of the bankruptcy proceedings;**

- **Upholding the New Jersey Rules of Professional Conduct;**

- **Preventing an attorney from being forced to continue representing a client who committed crimes against him.**

## CONCLUSION

This Motion presents a clear case for mandatory withdrawal under the New Jersey Rules of Professional Conduct.

The Debtor committed serious crimes under New Jersey law–forgery (N.J.S.A. § 2C:21–1) and potential criminal impersonation (N.J.S.A. § 2C:21–17)–that directly victimized her own bankruptcy attorney.  She then attempted to obstruct justice by creating a false record, claiming ignorance of conduct she had previously admitted.

**Multiple New Jersey Rules of Professional Conduct mandate withdrawal:**

- **N.J. RPC 1.2(d):** Cannot assist client in criminal or fraudulent conduct;

- **N.J. RPC 1.7:** Personal interest conflict (counsel is crime victim under New Jersey law);

- **N.J. RPC 3.3:** Candor to tribunal (debtor engaging in fraud during bankruptcy);

- **N.J. RPC 3.7:** Lawyer as witness (counsel must testify about forgery).

Under **N.J. RPC 1.16(a)(1)**, withdrawal is mandatory–not optional–when continued representation would violate the Rules of Professional Conduct.

The administration of justice and the integrity of the New Jersey Rules of Professional Conduct require that this Motion be granted.

**For all of these reasons, this Court should grant undersigned counsel's Motion for Leave to Withdraw as attorney for Debtor Lisa Ann Filippini.**

Respectfully submitted,

By:   /s/ Jonathan Stone
      Jonathan Stone, Esquire
Dated:  October 13, 2025       Attorney for Debtor