**Jonathan Stone, ESQ, CPA, MST, LLC**
**Jonathan Stone, Esquire**
**490 Schooley's Mountain Road – Bldg. 3A**
**Hackettstown, New Jersey 07840–4002**
**Tel. (908) 979–9919 / Fax. (908) 979–9920**
jonathan@jonstonelaw.com
**Attorney for Debtor**

| | |
|---|---|
| **In re:** | **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
| **Lisa Ann Filippini,** | **Chapter 13** |
| **Debtor.** | **Case No.  25–16171 (JKS)** |
| | **Honorable John K. Sherwood, U.S.B.J.** |

---

### REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO WITHDRAW

---

> **Jonathan Stone, Esquire**
> 490 Schooley's Mountain Road – Bldg. 3A
> Hackettstown, New Jersey 07840–4002
> (908) 979–9919
> Attorney for Debtor

On the Brief:

    Jonathan Stone, Esquire

**TABLE OF CONTENTS**
**FOR**

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO WITHDRAW**

---

**PRELIMINARY STATEMENT** ............................................................................................. **1**

**ARGUMENT** ......................................................................................................................... **2**

**I.    DEBTOR'S OPPOSITION FAILS TO ADDRESS THE DISPOSITIVE FACT: SHE COMMISSIONED AND DISTRIBUTED A LETTER BEARING A FORGED COUNSEL SIGNATURE** ....................................................... **2**

    A.  *The Undisputed Facts of the Forgery* .................................................................. *2*

    B.  *Debtor's Silence Regarding the Forgery Is Dispositive* ....................................... *3*

**II.   WITHDRAWAL IS MANDATORY UNDER NEW JERSEY RULE OF PROFESSIONAL CONDUCT 1.16(A)(1)** ................................................................ **4**

    A.  *RPC 1.16(a)(1) Requires Withdrawal When Continued Representation Would Violate Ethical Rules* ........................................................................ *4*

    B.  *RPC 1.16(b)(2) Permits Withdrawal When Client Persists in Criminal Conduct* ............................................................................................................ *5*

    C.  *New Jersey Courts Have Consistently Upheld Mandatory Withdrawal in Cases of Client Fraud* ..................................................................................... *6*

**III.  DEBTOR'S ARGUMENTS REGARDING TIMING AND PREJUDICE ARE IRRELEVANT TO THE MANDATORY WITHDRAWAL ANALYSIS** ................................................................................................................. **6**

    A.  *Timing Prejudice Cannot Override Mandatory Ethical Withdrawal* ..................... *6*

    B.  *Debtor Has Adequate Time to Retain Substitute Counsel* ..................................... *7*

    C.  *Continued Representation by Conflicted Counsel Would Harm All Parties* *8*

**IV.   THE CRIME–FRAUD EXCEPTION REQUIRES DISCLOSURE OF THE FORGERY** ............................................................................................................. **8**

**V.    DEBTOR'S CHALLENGES TO THE QUALITY OF REPRESENTATION ARE BOTH FACTUALLY UNSUPPORTED AND LEGALLY IRRELEVANT** ................................................................................... **9**

**CONCLUSION** ................................................................................................................... **10**

# TABLE OF AUTHORITIES

## CASES

*Fellerman v. Bradley*, 99 N.J. 493 (1985) -------------------------------------------------------------7, 10

*In re Nackson*, 114 N.J. 527 (1989) ------------------------------------------------------------------ 7

*United States v. Carrara*, 49 F.3d 105 (3d Cir. 1995) ------------------------------------------------- 8

## STATUTES

N.J.S.A. § 2C:21–1--------------------------------------------------------------------------------------- 1

N.J.S.A. § 2C:21–17 ------------------------------------------------------------------------------------- 1

## RULES

RPC 1.16(a)(1)------------------------------------------------------------------------------------------ 5, 6

RPC 1.16(b)(2) ----------------------------------------------------------------------------------------- 1, 6

RPC 1.2(d)---------------------------------------------------------------------------------------------- 5

RPC 1.6(b)(1) ------------------------------------------------------------------------------------------11

RPC 4.1 ------------------------------------------------------------------------------------------------ 6

RPC 8.4(c)---------------------------------------------------------------------------------------------- 6

## **PRELIMINARY STATEMENT**

Debtor's Opposition fundamentally mischaracterizes the nature of undersigned counsel's withdrawal motion and conspicuously omits the central fact that necessitates withdrawal: on October 4, 2025, Debtor commissioned, obtained, and distributed to a third party a letter bearing a forged signature of undersigned counsel.  This letter, drafted by Debtor's CPA at her direction, threatened criminal prosecution and made false representations regarding legal representation. Debtor admitted to undersigned that she directed her CPA, Larry Stetze, to draft this letter and that she provided it to the recipient, Shirley De Paola, a former employee.

When undersigned counsel discovered the forgery, he immediately reported the matter to local law enforcement and is actively cooperating with their ongoing criminal investigation.  Ms. De Paola has also filed her own criminal complaint with the Hackettstown Police Department. This is not a matter of attorney–client disagreement or case management dispute—it is an active criminal investigation into document forgery and criminal impersonation under N.J.S.A. § 2C:21–1 and N.J.S.A. § 2C:21–17.

This conduct constitutes forgery under N.J.S.A. § 2C:21–1 and criminal impersonation under N.J.S.A. § 2C:21–17.  More critically for purposes of this motion, it falls squarely within New Jersey Rule of Professional Conduct 1.16(a)(1)'s mandatory withdrawal provision, which requires an attorney to withdraw when "the representation will result in violation of the Rules of Professional Conduct or other law" and RPC 1.16(b)(2), which permits withdrawal when "the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent."

Debtor cannot use the consequences of her own criminal misconduct as a basis to compel continued representation by counsel whose ethical obligations forbid it.  The Opposition's arguments regarding timing, prejudice, and purported inadequacy of representation are irrelevant to the threshold question: whether undersigned counsel can ethically continue representation when the client has used counsel's identity to perpetrate a fraud.  The answer under the New Jersey Rules of Professional Conduct is an unequivocal no.

## ARGUMENT

**I.** **DEBTOR'S OPPOSITION FAILS TO ADDRESS THE DISPOSITIVE FACT: SHE COMMISSIONED AND DISTRIBUTED A LETTER BEARING A FORGED COUNSEL SIGNATURE**

The Opposition is notable for what it omits rather than what it contains.  Nowhere in Debtor's papers does she acknowledge, much less address, the forged letter that forms the basis for this withdrawal motion.  This omission is deliberate and telling; Debtor cannot dispute the facts because she has already admitted them to undersigned counsel.

**A.    The Undisputed Facts of the Forgery**

On October 4, 2025, at approximately noon, Shirley De Paola, a former employee of Lisa's Priceless Pets, received an envelope containing a letter purporting to be from undersigned counsel.  The letter was printed on no letterhead, contained numerous grammatical errors, and threatened Ms. De Paola with criminal charges if she continued to make "defamatory comments" about Debtor's business.  The letter concluded with what appeared to be undersigned counsel's signature and identified counsel as "Attorney for Lisa's Priceless Pets."

- 2 -

Undersigned counsel did not write this letter, did not authorize its creation, did not sign it, and had no knowledge of its existence until Ms. De Paola contacted him directly.  When confronted, Debtor admitted that she asked Larry Stetze, her CPA, to draft the letter, which he did.  Mr. Stetze then gave the fraudulent letter to Debtor, who personally delivered it to Ms. De Paola through an employee at her grooming facility.

Undersigned counsel immediately reported this matter to local law enforcement and is actively cooperating with their criminal investigation.  Ms. De Paola has also filed a criminal complaint with the Washington Township Police Department.  The investigation is ongoing, and the undersigned counsel has provided law enforcement with all relevant documentation and information regarding the forgery.

This is not a case of miscommunication or misunderstanding.  Debtor orchestrated the creation and distribution of a document bearing forged legal credentials with the express intent to threaten a third party.  That the letter was poorly drafted and obviously fraudulent upon inspection does not diminish the seriousness of the offense or the ethical crisis it creates for undersigned counsel.

### B.      Debtor's Silence Regarding the Forgery Is Dispositive

Debtor's Opposition makes no attempt to deny, justify, or contextualize this conduct.  Instead, it attempts to reframe the withdrawal motion as a case management dispute involving timing and legal strategy.  This deliberate evasion confirms what the facts already establish: Debtor has no defense to the forgery allegation and hopes to avoid its consequences through procedural arguments.

- 3 -

The Court should not permit Debtor to use selective silence to avoid the central issue. The forgery occurred.  Debtor admitted it.  Law enforcement is investigating.  The ethical violation is clear.  No amount of argument about case scheduling or attorney–client relations can cure the fundamental fact that Debtor used undersigned counsel's identity to perpetrate a fraud against a third party.

## II.    WITHDRAWAL IS MANDATORY UNDER NEW JERSEY RULE OF PROFESSIONAL CONDUCT 1.16(a)(1)

The New Jersey Rules of Professional Conduct are not suggestions.  They impose binding ethical obligations on all attorneys practicing in this jurisdiction.  When a client uses an attorney's services; including the attorney's identity and professional credentials; to commit a crime or fraud, withdrawal is not discretionary.  It is mandatory.

### A.    RPC 1.16(a)(1) Requires Withdrawal When Continued Representation Would Violate Ethical Rules

New Jersey Rule of Professional Conduct 1.16(a)(1) provides that "a lawyer shall withdraw from the representation of a client when...  the representation will result in violation of the Rules of Professional Conduct or other law."  This is a mandatory provision.  The word "shall" imposes a duty, not a choice.

Continued representation of Debtor would violate multiple ethical rules, including:

**RPC 1.2(d)**: "A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent." Debtor has already used undersigned counsel's identity to engage in criminal conduct.  Continuing the representation creates the appearance—and the risk—that counsel is facilitating or condoning this behavior.

- 4 -

**RPC 8.4(c)**: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation." While undersigned counsel did not participate in the forgery, continuing to represent a client who has misappropriated counsel's identity for fraudulent purposes raises serious questions about counsel's judgment and implicates counsel in the ongoing consequences of that fraud.

**RPC 4.1**: "In the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person." The forged letter constituted a false statement to Ms. De Paola.  Undersigned counsel's continued association with Debtor creates an ongoing risk that third parties will be deceived about the scope and nature of counsel's involvement.

**B.      RPC 1.16(b)(2) Permits Withdrawal When Client Persists in Criminal Conduct**

Even if withdrawal were not mandatory under RPC 1.16(a)(1), it would be permissive under RPC 1.16(b)(2), which allows withdrawal when "the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent." Debtor has not disavowed the forgery, has not apologized to Ms. De Paola, and has not taken any remedial action.  Her persistence in refusing to acknowledge or address the misconduct also triggers this permissive withdrawal provision.

**C.      New Jersey Courts Have Consistently Upheld Mandatory Withdrawal**

**in Cases of Client Fraud**

New Jersey courts recognize that attorneys cannot be complicit in client wrongdoing, even inadvertently.  In *In re Nackson*, 114 N.J. 527 (1989), the New Jersey Supreme Court emphasized that attorneys have an independent duty to uphold the integrity of the legal system, and that this duty sometimes requires withdrawal, even when it may disadvantage the client.

Similarly, in *Fellerman v. Bradley*, 99 N.J. 493 (1985), the Court held that the crime–fraud exception to attorney–client privilege applies when a client uses an attorney's services to further criminal or fraudulent conduct.  That same principle applies here: Debtor's use of undersigned counsel's identity and professional credentials to threaten a third party constitutes use of counsel's services for fraudulent purposes, triggering both the crime–fraud exception and the mandatory withdrawal obligation.

III.      **DEBTOR'S ARGUMENTS REGARDING TIMING AND PREJUDICE**
          **ARE IRRELEVANT TO THE MANDATORY WITHDRAWAL**
          **ANALYSIS**

Debtor's Opposition emphasizes the timing of this withdrawal motion, arguing that it comes at a critical juncture in her bankruptcy case, with the Shannon adversary proceeding imminent.  This argument fundamentally misunderstands the nature of ethical obligations under the Rules of Professional Conduct.

A.      **Timing Prejudice Cannot Override Mandatory Ethical Withdrawal**

Courts consistently hold that client prejudice – even substantial prejudice – cannot compel an attorney to continue representation that would violate ethical rules.

- 6 -

As the Third Circuit observed in *United States v. Carrara*, 49 F.3d 105, 109 (3d Cir. 1995), "[w]hile the court must be mindful of a defendant's constitutional rights, those rights do not permit a defendant to insist upon representation by an attorney who has a conflict of interest." The same principle applies in the civil and bankruptcy context: a debtor cannot use potential prejudice as a sword to force counsel to violate ethical obligations.

Moreover, any prejudice Debtor now faces flows directly from her own criminal conduct, not from undersigned counsel's ethical compliance.  Debtor chose to commission and distribute a forged letter on October 4, 2025.  She created the timing problem.  She cannot now claim that the natural consequences of her own misconduct—including the need to retain new counsel—constitute unfair prejudice.

**B.      Debtor Has Adequate Time to Retain Substitute Counsel**

The withdrawal motion provides Debtor with reasonable notice and adequate time to retain substitute counsel.  While the Shannon adversary proceeding may be imminent, competent bankruptcy counsel can be retained and brought up to speed on the relevant issues.  Debtor's suggestion that she will be unable to find representation is speculative and unsupported.

Furthermore, should the Court find it necessary, appropriate case management orders can be entered to allow substitute counsel reasonable time to prepare.  The Court has broad discretion to manage its docket in a manner that accommodates both the need for effective representation and the administration of justice.

**C.      Continued Representation by Conflicted Counsel Would Harm All Parties**

Debtor's insistence that undersigned counsel continue representation despite the ethical conflict would harm not only counsel but also Debtor herself, other parties, and the integrity of these proceedings. Counsel operating under an unresolved ethical conflict cannot provide effective representation. Every filing, every appearance, every communication would be shadowed by the unaddressed forgery and the resulting breach of trust.

Opposing parties and the Court are entitled to confidence that counsel's representations are made in good faith and without taint of client fraud. Ms. De Paola, as the victim of Debtor's forgery, is entitled to see that the legal system takes seriously the misuse of attorney credentials. Forcing counsel to continue representation under these circumstances would undermine all of these interests.

**IV.      THE CRIME–FRAUD EXCEPTION REQUIRES DISCLOSURE OF THE FORGERY**

Debtor may argue that undersigned counsel's disclosure of the forgery in the withdrawal motion violates attorney–client confidentiality. This argument fails because the crime–fraud exception to confidentiality applies when a client uses or attempts to use an attorney's services to further a crime or fraud.

In *Fellerman v. Bradley*, 99 N.J. 493, 503 (1985), the New Jersey Supreme Court held that "[t]he crime or fraud exception to the attorney–client privilege is well established" and applies when "the client consults an attorney, not for advice about past wrongdoing, but to further ongoing or future criminal or fraudulent conduct." Here, Debtor used undersigned

- 8 -

counsel's identity—an element of counsel's professional services—to create and distribute a threatening letter.  This constitutes use of counsel's services for fraudulent purposes.

Moreover, RPC 1.6(b)(1) permits disclosure when "the lawyer reasonably believes [it] necessary to prevent the client from committing a criminal, illegal or fraudulent act that the lawyer reasonably believes is likely to result in... substantial injury to the financial interest or property of another." Ms. De Paola has potential wage claims against Debtor.  The forged letter was designed to intimidate her and prevent her from pursuing those claims.  Disclosure was therefore both permitted and appropriate to protect Ms. De Paola's legal rights.

## V.    DEBTOR'S CHALLENGES TO THE QUALITY OF REPRESENTATION ARE BOTH FACTUALLY UNSUPPORTED AND LEGALLY IRRELEVANT

To the extent Debtor's Opposition suggests that undersigned counsel has provided inadequate representation or failed to communicate effectively, these claims are both unsupported and irrelevant to the mandatory withdrawal analysis.

First, undersigned counsel has diligently represented Debtor's interests in this bankruptcy case, including preparing and filing all required schedules, attending hearings, and coordinating with the Standing Chapter 13 Trustee.  Any suggestion to the contrary is contradicted by the record and by Debtor's own prior communications acknowledging counsel's work on her behalf.

Second, and more fundamentally, questions about the quality of representation are irrelevant when withdrawal is mandatory under RPC 1.16(a)(1).  Even if undersigned counsel were the most skilled bankruptcy attorney in the district, withdrawal would still be required because of Debtor's use of counsel's identity to perpetrate fraud.  Ethical violations are not cured by effective lawyering.

## CONCLUSION

This case presents a straightforward application of mandatory withdrawal principles. Debtor commissioned and distributed a letter bearing forged counsel signature.  She has admitted this conduct.  Law enforcement is actively investigating the forgery and criminal impersonation. She has taken no remedial action.  Under these circumstances, the New Jersey Rules of Professional Conduct require withdrawal, and no amount of inconvenience or strategic disadvantage to Debtor can override that ethical obligation.

The Court should grant the motion to withdraw, establish a reasonable timeline for Debtor to retain substitute counsel, and enter such other case management orders as may be appropriate to accommodate the transition while ensuring the orderly administration of this bankruptcy case.

Debtor's Opposition, with its conspicuous silence regarding the central facts and its attempts to reframe mandatory ethical withdrawal as discretionary case management, should be rejected in its entirety.

Respectfully submitted,

By:   /s/ Jonathan Stone
Jonathan Stone, Esquire

Dated:  November 7, 2025

Attorney for Debtor

- 10 -