# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

LISA ANN FILIPPINI
Debtor, Pro Se

**In Re:**
LISA ANN FILIPPINI,
Debtor, Pro Se

Case No.: 25-16171-JKS

Chapter: 13

Judge: Hon. John K. Sherwood

## CERTIFICATION OF LISA ANN FILIPPINI IN SUPPORT OF MOTION FOR SANCTIONS,
## TO STRIKE CLAIM, AND FOR RELIEF BASED ON MISCONDUCT, COLLUSION,
## AND VIOLATION OF THE AUTOMATIC STAY

I, LISA ANN FILIPPINI, the Debtor in the above-captioned case, submit this Certification:

### 1. SOURCING AND CLERICAL ASSISTANCE

I appear Pro Se. Due to my lack of sufficient proficiency with computers, I received unpaid clerical assistance solely to transcribe and format my statements for the Court.

The factual assertions contained herein originate entirely from my own personal knowledge and documentary evidence in my possession. Every statement herein has been reviewed by me and is adopted as my own sworn testimony.

### 2. INTRODUCTION AND PURPOSE OF MOTION

I submit this Certification to respectfully request that this Honorable Court enter an Order imposing sanctions, striking the Proof of Claim filed by the law firm of Schlam Stone & Dolan LLP on behalf of Everett (Shannon) Reilly, and granting such further relief as is just and proper. This request is based on newly discovered, undeniable documentary evidence demonstrating highly improper and unethical collusion between my former counsel, Jonathan Stone, and opposing counsel.

## 3. FACTUAL BACKGROUND AND THE UNLIQUIDATED CLAIM

I filed for Chapter 13 bankruptcy protection in good faith to reorganize my finances.

The law firm of Schlam Stone & Dolan filed a Proof of Claim in this case asserting a debt of over $526,700.

As I have consistently stated on the record, this claim is entirely unliquidated and disputed.

No court has ever entered a final Default Judgment adjudicating a specific dollar amount against me personally or my business.

Rather than defending me against this unliquidated claim, my former counsel actively conspired with the opposing law firm to ensure I remained defenseless.

## 4. EVIDENCE OF MISCONDUCT AND COLLUSION

I have recently obtained email communications directly evidencing coordinated assistance and cooperation between Jonathan Stone and the law firm of Schlam Stone & Dolan, parties who are legally required to be adverse.

I declare under penalty of perjury that the emails attached hereto as Exhibit A are true and correct copies of communications in my possession. These documents demonstrate the following objective facts:

**Assistance in Drafting Legal Documents:** On June 13, 2025, Mr. Stone emailed opposing counsel to provide sample legal language to assist them in their filings against me.

**Circumvention of the Automatic Stay:** On June 13, 2025, Mr. Stone explicitly emailed opposing counsel to state that he did not want to enforce the automatic stay against their client, actively providing the opposition with strategic guidance to bypass my bankruptcy protections.

**Expressions of Partnership:** On October 14, 2025, Mr. Stone emailed opposing counsel to express his deep appreciation for their ongoing "support," "collaboration," and "partnership" while they were actively litigating against me.

## 5. LEGAL BASIS FOR RELIEF

These actions were taken entirely without my knowledge or consent. This documented conduct completely undermines the integrity of these bankruptcy proceedings and has caused me severe, measurable prejudice. My former attorney breached his fiduciary duty, failed to assert factual defenses on my behalf, and allowed the opposing party to improperly circumvent bankruptcy protections.

Courts possess the inherent authority to sanction bad faith conduct and protect the integrity of the judicial process. A Proof of Claim that has been prosecuted and weaponized through documented collusion and the intentional violation of the automatic stay cannot be permitted to stand.

## 6. RELIEF REQUESTED

For the reasons stated above, I respectfully request that this Honorable Court utilize its inherent authority to:

1. Strike the Proof of Claim filed by Schlam Stone & Dolan LLP on behalf of Everett (Shannon) Reilly in its entirety;

2. Impose appropriate sanctions against Jonathan Stone and the involved parties at Schlam Stone & Dolan LLP;

3. Find that the documented conduct constitutes bad faith and a fraud upon the Court;

4. Grant such other and further relief as the Court deems just and proper.

I reserve the right to supplement this Motion as additional evidence becomes available.

I certify under penalty of perjury that the above is true and correct.

Dated: _Lisa Ann Filippini_

LISA ANN FILIPPINI, Debtor Pro Se