**SCHLAM STONE & DOLAN LLP**
David J. Goldsmith
26 Broadway, 19th Fl.
New York, New York 10004
Tel.: (212) 344-5400
Fax: (212) 344-7677
Email: dgoldsmith@schlamstone.com
*Attorneys for Creditor Shannon Reilly,*
*a/k/a Everett Reilly*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------- x
: 
In Re:                                                           :     Chapter 13
                                                                 :
LISA ANN FILIPPINI,                                              :     Case No. 25-16171-JKS
                                                                 :
                          Debtor.                                :     Hon. John K. Sherwood
                                                                 :
                                                                 :
---------------------------------------------------------------- x

## REILLY'S OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO DEBTOR'S NINE PENDING MOTIONS

Shannon Reilly, a/k/a Everett Reilly ("Reilly"), through his attorneys, Schlam Stone & Dolan LLP ("SS&D"), hereby submits this memorandum of law in opposition to the **nine** pending motions (ECF Nos. 113, 114, 115, 118, 120, 123, 125, 127, and 130, the "Motions") filed by and on behalf of Lisa Filippini (the "Debtor"). For the reasons set forth, Debtor's Motions should be denied in their entirety. Reilly respectfully represents as follows:

### PRELIMINARY STATEMENT

1.     Debtor's **nine** motions fall into three broad categories: (1) requests for sanctions against Reilly and his counsel based on Debtor's characterization of communications between her former attorney and counsel for Creditor; (2) burdensome requests for wide-ranging and irrelevant discovery directed at Reilly and his counsel; and (3) a motion for damages premised on alleged willful violations of the automatic stay. As set forth herein, each of these motions is

1

procedurally defective, legally insufficient, and unsupported by admissible evidence. If that were not bad enough, the Motions are duplicative of prior motions that his Court already ruled on and reflect Debtor's effort to harass and intimidate Reilly with vexatious litigation to stop him from pursuing his claim against her. Ironically, it is Debtor's conduct which is sanctionable under the applicable rules (regardless of her *pro se* status). Thus, Debtor's Motions must be denied.

2.      It should be noted that this Court has reiterated on numerous occasions that the validity of Reilly's claim against Debtor will be evaluated when the Court reviews Reilly's adversary complaint against Debtor (which has not yet been filed, as the deadline to file such a complaint is June 30, 2026, per ECF No. 97). The Court also declined to impose sanctions against Reilly or his counsel in response to Debtor's last motion seeking the same (*see* ECF Nos. 92, 133). Thus, there is no basis for Debtor to keep seeking this relief.

3.      Moreover, it bears noting that Debtor is a *pro se* litigant, but pro se status does not excuse compliance with the applicable rules. *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (pro se litigants are not exempt from procedural rules). *See also Birl v Estelle*, 660 F2d 592, 593 (5th Cir 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.… One who proceeds *pro se* with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer."); *see also Sykes v. Blockbuster Video,* 205 F. App'x 961, 963 (3d Cir. 2006) (noting that "ignorance of the rules would not provide good cause to excuse" failure to comply with those rules regardless of whether the party is represented by counsel). *See also Cutchins v Lowe's Companies, Inc*., CV 23-355 (MAS) (RLS), 2025 WL 2938593, at *5 (DNJ Oct. 16, 2025) ("There is greater leeway to pro se litigants in narrow circumstances, but pro se litigants must sill serve process on the correct defendants and at the end of the day, they cannot

flout procedural rules—they must abide by the same rules that apply to all other litigants." (internal quotes omitted).

4.      The motions before the Court consist almost entirely of Debtor's own unverified characterizations of events, her personal interpretations of email communications whose authenticity and full context have not been established, and legal arguments unsupported by citation to relevant authority. They seek extraordinary relief — including sanctions against Creditor's counsel, an order striking Creditor's proof of claim, and a finding that Creditor's counsel made misrepresentations to this Court — none of which is warranted on this record.

5.      Debtor retained Jonathan Stone, Esq. as her bankruptcy counsel in approximately April or May 2025. ECF. No. 113 at 3. Stone filed her bankruptcy petition on June 10, 2025. *Id*. Stone subsequently moved to withdraw as counsel in October 2025 (ECF No. 42), which was granted by this Court in November 2026 (ECF No. 49).

6.      Since that time, Debtor has filed a series of motions, certifications, and supplemental filings attacking the conduct of her own former attorney, Reilly's counsel, and the validity of Reilly's proof of claim. The nine pending motions addressed herein represent the most recent wave of these filings, all of which are scheduled for hearing on June 25, 2026. Debtor's Motions should all be denied.

**<u>ARGUMENT</u>**

I.      **<u>DEBTOR'S MOTIONS FOR SANCTIONS AND RELATED RELIEF
AGAINST CREDITOR'S COUNSEL SHOULD BE DENIED</u>**

7.      Across Doc. Nos. 113, 118, 123, and 127, Debtor seeks sweeping sanctions against Creditor's counsel Eni Mihilli, Esq. and Schlam Stone and Dolan LLP based on her characterization of email communications between her former attorney and Reilly's counsel. The relief requested includes orders sanctioning her former attorney, striking Reilly's proof of claim,

finding that Reilly's counsel made misrepresentations to this Court, and finding that Reilly's counsel engaged in misconduct. For the reasons set forth below, none of this relief is warranted.

8.     The centerpiece of Debtor's misconduct allegations is a series of email communications she attributes to her former attorney Jonathan Stone, which she contends demonstrate that Stone colluded with Creditor's counsel against her interests. *See* ECF. No. 113 at 4–5; ECF. No. 118-1 at 1–11. But this is not a basis for sanctions.

9.     "Bankruptcy courts exercise [their] inherent power [to impose sanctions] pursuant to section 105(a) of the Bankruptcy Code." *In re Vascular Access Centers, L.P.*, 646 B.R. 735, 753 (Bankr. E.D. Pa. 2022) (citing *In re Bailey*, 321 B.R. 169, 178 (Bankr. E.D. Pa. 2005). To the extent the Motions seeks sanctions against Reilly and his counsel pursuant to the Court's inherent powers and/or 11 U.S.C. § 105(a), it should be denied for two reasons.

10.     *First*, the Debtor fails to show that Reilly or his counsel did anything improper— let alone anything wrongful enough to warrant sanctions. "[A] court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious[.]" *Paige v. Lerner Master Fund, LLC*, 584 B.R. 502, 515 (M.D. Pa.), *aff'd sub nom. In re Paige*, 738 F. App'x 85 (3d Cir. 2018); *see also In re Delaware Valley Lift Truck Inc.*, 640 B.R. 342, 369 (Bankr. E.D. Pa. 2022) (sanctions under court's inherent powers and Section 105(a) require conduct that is not merely "inappropriate," but rather is "in bad faith"). Even accepting Debtor's characterization of the emails at face value, they establish at most that her former attorney engaged in communications with Reilly's counsel that Debtor found objectionable. The conduct of Jonathan Stone—which is not Reilly's conduct, or Reilly's counsel conduct—cannot be imputed to them. Debtor's grievance, to the extent she has one, lies against her own former attorney, not against Reilly.

11.    *Second,* Debtor's assertion that Creditor's counsel was an "active participant" rather than a "passive recipient" of Stone's communications (ECF. No. 118-1 at 10–11; Doc. No. 127-1 at 1) rests entirely on her own inference and interpretation, and even if true, would still not be sufficient cause for sanctions. The mere fact that Creditor's counsel received emails from opposing counsel (who was Debtor's *own attorney* at the time) does not establish that Reilly or his counsel did anything wrong. Opposing attorneys communicate with one another routinely, including on matters concerning the status of pending litigation.

12.    *Third*, the emails have not been authenticated. Debtor represents that she obtained these communications and that they are true and correct copies. ECF. No. 118-1 at 1. However, her self-serving certification is not sufficient authentication of documents she obtained through undisclosed means. The Court cannot determine from the current record whether these emails are complete, unaltered, or accurately characterized.

13.    *Fourth,* the Debtor's requested relief is impermissible because it would be punitive, rather than compensatory. In the absence of "procedural guarantees applicable in criminal cases"—as here—sanctions issued pursuant to a court's inherent authority "must be compensatory rather than punitive in nature." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017); *see also In re Delaware Valley Lift Truck Inc.*, 640 B.R. 342, 370 (Bankr. E.D. Pa. 2022) (sanctions imposed under Section 105(a) "must be compensatory, not punitive").  And "a sanction counts as compensatory only if it is calibrated to the damages caused by the bad-faith acts on which it is based." *Goodyear*, 581 U.S. at 108 (brackets and quotation marks omitted).

14.    Debtor has not and could not show that any of the relief she requests is calibrated to compensate her for any damage that was caused by any alleged misconduct. Instead, Debtor impermissibly seeks *punitive* sanctions that would unfairly punish *Reilly and SSD* for the alleged

misconduct of *her former counsel*, while awarding the Debtor an unwarranted windfall.

15.     To the extent the Motions reliey on Federal Rule of Bankruptcy Procedure ("Rule") 9011, such reliance is misplaced for several reasons, including the following:

16.     *First,* the Motion fails to "describe the specific conduct alleged to violate [Rule 9011](b)," as required by Rule 9011(c)(2)(A). Rule 9011(b) only applies to representations to the court, and the Motion does not relate to any of Reilly's nor SS&D's representations to the court.

17.     *Second,* Rule 9011(c)(2)(B) requires the movant to wait 21 days after serving the motion on the nonmovant before filing it with the court and "strict compliance with [that] safe harbor rule is required." *In re Miller*, 730 F.3d 198, 204 (3d Cir. 2013). The Debtor did not do so.

## II.     THE REQUEST TO STRIKE REILLY'S CLAIM SHOULD BE DENIED

18.     Debtor seeks an order striking the proof of claim filed by Shannon Riley based on alleged misconduct by Creditor's counsel. ECF. No. 113 at 1. Debtor's request to strike Reilly's claim should be denied for all the reasons set forth in Reilly's Memorandum of Law in Opposition to Debtor's Objection to Reilly's Proof of Claim (ECF No. 87), which are expressly incorporated by reference herein as if fully set forth.

19.     To the extent the Motion seeks disallowance of Reilly's claim pursuant to 11 U.S.C. § 502 (*see* Dkt. No. 99 at 2), it must be denied because that provision "provides the exclusive grounds for claims disallowance," *In re Bobe*, 635 B.R. 435, 442 (Bankr. D.N.J. 2021), and the Debtor has not asserted, let alone established, any of the grounds enumerated therein.

20.     Furthermore, as articulated above, neither Reilly nor his counsel have engaged in any conduct that would warrant such an extreme measure.

21.     Debtor's newest round of filings has not produced competent evidence rebutting the validity of Creditor's claim. Her allegation that Creditor's proof of claim should be struck

because of alleged misconduct by his attorneys is not a cognizable legal basis for disallowing a claim. Debtor has provided no legal basis to assert otherwise.

22.     Debtor alleges that Reilly's counsel presented Diana Kemp's September 2022 home sale to this Court as a recent fraudulent transfer while omitting the date of the transaction. ECF. No. 113 at 5–6; ECF. No. 127-1 at 3. This allegation is conclusory and unsupported. Debtor has not identified the specific filing in which she contends this misrepresentation was made, has not produced a copy of any such filing, and has not established that any omission was intentional rather than inadvertent. The mere assertion that a misrepresentation was made, without documentary support or specificity, is insufficient to warrant a finding of misconduct or sanctions against Reilly's counsel.

23.     Debtor is also incorrect in the conclusion she draws concerning the cease-and-desist letter that her prior counsel sent to Jeffrey Eilender. Debtor argues this document proves that Creditor's counsel was aware of a conflict and failed to disclose it. ECF. No. 123-1 at 2–3. Debtor does not articulate what the alleged conflict is, or what (if anything) counsel did incorrectly. Debtor can take up her grievances with her own counsel. There is no reason to believe that any of the conduct by Reilly's counsel was inappropriate and Reilly's counsel had no duty to Debtor.

### III.    THE MOTION SEEK RELIEF FOR DIANA KEMP MUST BE DENIED

24.     Debtor moves for orders recognizing that Diana Kemp has no ownership role in Lisa's Priceless Pets, removing her from all related proceedings, finding that subpoenas against Diana Kemp and Mark Filippini were improper, and imposing sanctions on Creditor's counsel for three years of alleged wrongful conduct. ECF. No. 115 at 1.

25.     As an initial matter, this Court lacks jurisdiction to grant certain of the relief

requested. The question of whether Diana Kemp has an ownership interest in Lisa's Priceless

Pets is a factual issue that must be resolved through an adversary proceeding or a formal

evidentiary hearing, not by motion based solely on Debtor's own certification. See Fed. R. Bankr.

P. 7001.

26.     Diana Kemp (and Debtor's) former attorney Jonathan Stone prepared and filed the

documents that Debtor objects to. ECF. No. 115-1 at 2. Kemp signed these documents (see Index

No. 25-16553 at ECF No. 1). To the extent any error in those filings caused confusion regarding

Diana Kemp's role, that error is attributable to Stone, Kemp, and Debtor—not to Creditor's

counsel. Creditor's counsel cannot be sanctioned for relying on information in the official court

record that Debtor's own attorney certified as accurate.

## IV.     DEBTOR'S DISCOVERY MOTIONS SHOULD BE DENIED

27.     A s a threshold matter, a motion to compel discovery responses cannot lie where

the underlying discovery was never properly served. *See Huertas v City of Camde*, CV 06-4676-

NLH-AMD, 2008 WL 11429395, at *6 (DNJ Jan. 31, 2008) ("Plaintiff's second motion to

compel is denied without prejudice on the ground that Plaintiff's discovery requests were not

properly served on Defendants in accordance with the Federal Rules of Civil Procedure.").

28.     Federal Rule of Civil Procedure 5, made applicable in bankruptcy proceedings

through Federal Rule of Bankruptcy Procedure 7005 and 9014(b), requires that discovery

requests be served on all parties or their attorneys of record. Proper service is a prerequisite to

any obligation to respond—and thus a prerequisite to any motion seeking to compel a response.

29.     Debtor has not demonstrated that service was effectuated in the manner required

by Rule 5(b) on May 15, 2026. She did not provide any basis or certification that they were

served on that day. Without proper service on May 15, 2026, no obligation to respond arose, no

deadline ran. There is nothing to compel. The Motion must be denied on this basis alone.

30.     The discovery demands were also improper and defective because they were not served under any of the Applicable Rules and there is no pending adversary proceeding or contested matter to support the demands. *See In re Mo,* 650 BR 193, 219 (Bankr DNJ 2023) (denying motion to compel on the grounds that there was and is no pending adversary proceeding to support Debtor's demands).

31.     Moreover, it bears noting that Debtor is a *pro se* litigant, but *pro se* status does not excuse compliance with the rules governing service of process and discovery. *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (pro se litigants are not exempt from procedural rules). See also Birl v Estelle, 660 F2d 592, 593 (5th Cir 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.… One who proceeds pro se with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer."); *see also Sykes v. Blockbuster Video*, 205 F. App'x 961, 963 (3d Cir. 2006) (noting that "ignorance of the rules would not provide good cause to excuse" failure to comply with those rules regardless of whether the party is represented by counsel). Debtor certainly has enough time to file nine motions, that are duplicative of prior relief—she can find time to read the relevant rules. *Cutchins v Lowe's Companies, Inc.*, CV 23-355 (MAS) (RLS), 2025 WL 2938593, at *5 (DNJ Oct. 16, 2025) is also instructive. In *Cutchins*, the Court held that though there is greater leeway to pro se litigants in narrow circumstances, pro se litigants must sill serve process on the correct defendants and at the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." (internal quotes omitted).

32.     The burden is on the moving party to establish that proper service was made.

Debtor has not met that burden here. Debtor also has not provided a basis for serving the requests under the applicable rules. Thus, the Motion should be denied.

33.     Independent of the service defect, the Motion is also procedurally barred by Debtor's failure to conduct the mandatory pre-motion meet and confer.

34.     Federal Rule of Civil Procedure 37(a)(1), applicable in contested matters through Federal Rule of Bankruptcy Procedure 9014, requires that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See also* Local Civil Rule 37.1(2)(b)(1) (requiring parties to confer in good faith before bringing discovery disputes to the Court and setting forth a certification of the same, including the method of communication, and dates of attempted communication). *See also* D.N.J. LBR 7037-1(b) ("The certification required under Bankruptcy Rule 7037 must identify the date and means by which the movant conferred or attempted to confer with the person or party failing to make disclosure or provide discovery.").

35.     This requirement is not a formality—it reflects a substantive policy of requiring litigants to exhaust informal resolution before burdening the Court with discovery disputes. Debtor, along with her daughter, has shown an outright unwillingness to cooperate with opposing counsel concerning any dispute and running straight to this Court to demand that Creditor does what Debtor wants. This is not how litigation works. Even though they proceed *pro se*, this hampers the court's docket and needlessly increases Creditor's expenses in being forced to litigate matters which should not need to be litigated.

36.     No such certification is included in the Motion, and Debtor made no attempt to confer with Reilly's counsel before filing. Respondents received no communication from

Debtor—by letter, email, telephone, or any other means—raising any alleged deficiency in discovery responses or seeking to resolve any dispute short of motion practice. The first notice Respondents had of any alleged discovery dispute was the filing of the Motion itself.

37.     Courts in this district and circuit have routinely denied motions to compel for failure to meet and confer. *See Atl. City Assoc., LLC v Carter & Burgess Consultants, Inc.*, CV 05-3227(NLH), 2007 WL 9782696, at *2 (DNJ June 7, 2007) ("the Motion for Sanctions … is DENIED because of [movant's] failure to comply with L. Civ. R. 37.1(b)(1). [Movant] and all parties should already be aware that a prerequisite to filing any discovery motion with the court is the necessity for parties to confer in good faith to attempt to resolve by agreement all discovery disputes without intervention of the Court, and that this must be documented in an Affidavit filed with the Motion.").

38.     The failure to meet and confer is independently sufficient to require denial of the Motion. The Local Rules of the Federal District of New Jersey and the Local Bankruptcy Rules of the Federal District of New Jersey require that a motion to compel discovery include the demands that are allegedly deficient and need to be compelled. *See* Local Rule 37.1(b)(2); D.N.J. LBR 7037-1(b). Debtor failed to include the allegedly outstanding demands in her Motion.

39.     Debtor did not meet and confer concerning the demands, she did not certify that she met and conferred, and she did not affix the required papers in connection with her Motion (the certification, or the allegedly outstanding demands). Thus, the Motion must be denied.

40.     Even if the Motion were not fatally defective on procedural grounds—and it is—it would fail on the merits.

41.     The scope of permissible discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P.

26(b)(1). Debtor's requests appear designed not to advance legitimate claims or defenses in this bankruptcy proceeding, but rather to conduct a broad investigation into Reilly's private communications, litigation strategy, and internal deliberations. The scope of the requests as described—including demands for private communications between Stone and Mihilli about Debtor and demands that counsel answer questions "under oath" about what they allegedly witnessed—goes far beyond the permissible scope of discovery in a Chapter 13 case. Debtor's dispute is with her prior attorney, Jonathan Stone, and has nothing to do with her chapter 13 case.

42.     Debtor requests Reilly's bank records from 2018 to the present, records of equipment purchases for his alleged personal grooming business, and records relating to an alleged elective surgery in January 2024. ECF. No. 130-2 at 2–3. None of these requests is relevant to the claims or defenses at issue in this proceeding. The validity of Creditor's $526,000 wage claim is determined by the wages he was owed and not paid during his employment (and these records are primarily Debtor's own employment records). Debtor's attempt to conduct a financial investigation of Creditor under the guise of discovery into her own bankruptcy proceeding has no proper legal basis and amounts to harassment.

43.     Debtor's supplemental discovery request seeks records and interrogatory responses concerning any significant medical expenses incurred by Creditor in or around January 2024. ECF. No. 120 at 4. Creditor's medical history and expenses are entirely irrelevant to any issue in this proceeding and are protected health information under applicable federal and state law. See Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191. This request should be denied outright.

44.     To the extent Debtor seeks communications among Reilly's counsel and Reilly, such communications are protected by the attorney-client privilege. To the extent Debtor seeks

Counsel's work product—including mental impressions, conclusions, opinions, and legal strategies—such materials are protected under the work product doctrine. Debtor has made no showing of substantial need or undue hardship that would overcome this protection.

45.    Rule 37 sanctions are only appropriate where a party has failed to comply with a valid discovery obligation. Here, no valid discovery obligation arose—the requests were not properly served, and no court order directed Respondents to produce any documents. Accordingly, there is no basis for sanctions of any kind, whether monetary sanctions, adverse inferences, or compelled production. Nowhere in Rule 37 does it say that a party can be sanctioned for failing to provide written responses to document demands. Debtor's argument that Reilly or Schlam Stone should be sanctioned is absurd (especially Debtor's demand for monetary sanctions, given that Debtor is proceeding pro se and not incurring any legal fees).

46.    Debtor asks the Court to draw adverse inferences from Reilly and his counsel's non-production despite the fact that Debtor did not properly serve the demands or meet and confer. Declining to respond to improperly served, procedurally defective discovery requests cannot support an adverse inference. Adverse inference instructions must be denied when there is no allegation of spoilation but a mere allegation of delay in responding. *See Kwanzaa v. Brown,* CV 05-5976 (RMB/AMD), 2009 WL 10873027, at *4 (DNJ Nov. 12, 2009) ("Plaintiff does not assert that evidence has been destroyed or withheld by Defendants; he asserts only that discovery was sent six days late. The Court thus rejects Plaintiff's assertion that an adverse inference sanction is warranted under the circumstances.").

47.    Furthermore, Rule 37(b) only permits sanctions upon violation of a court order and there was none here. *See Wachtel v Health Net, Inc.*, 239 FRD 81, 99 (DNJ 2006) ("Under Rule 37(b), the court may sanction a lawyer or a litigant for failure to obey any order to provide

13

or permit discovery.). There has been no order, thus sanctions are inappropriate.

48.     Debtor's supplemental filing (ECF. No. 118) purports to provide a chronological analysis of emails between her former attorney and Reilly's counsel in further support of her sanctions motion. Even accepting Debtor's characterization of these emails, they do not establish misconduct by Creditor's counsel sufficient to warrant sanctions, an order striking the proof of claim, or any of the other relief Debtor requests. The supplemental filing adds volume but not substance to Debtor's position, and should be denied for the same reasons as ECF. No. 113.

## V.     THE REQUEST FOR AUTOMATIC STAY DAMAGES SHOULD BE DENIED

49.     Debtor moves for actual damages, punitive damages, and attorney fees against Shannon Reilly, David Goldsmith, Eni Mihilli, and Schlam Stone and Dolan LLP for alleged willful violations of the automatic stay pursuant to 11 U.S.C. § 362(k). ECF. No. 125 at 1.

50.     Debtor misunderstands the automatic stay and what it prohibits. Reilly's conduct in serving discovery to Debtor *in the bankruptcy proceeding* cannot possibly be a violation of the automatic stay. Priceless Pets LLC is a co-defendant which has not filed for bankruptcy and is thus not subject to the bankruptcy court's automatic stay.

51.     Debtor's bankruptcy filing protects her individually. It does not automatically extend the stay to a separately organized legal entity. *See* 11 U.S.C. § 362(a); *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 509–10 (3d Cir. 1997) (noting that the automatic stay applies to the debtor, not to non-debtor third parties or entities). *See also Tchrs. Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."). Moreover, under State law, "[a] corporation is regarded in law as an entity distinct from its individual officers, directors, and agents." *See also Citizens First Nat. Bank of New Jersey v*

14

*Marcu*s, 253 NJ Super 1, 5-6, 600 A2d 943, 945 (NJ Super Ct App Div 1991) ("[c]ourts have consistently held that the fact that a debtor owns all of the stock of a subsidiary does not provide a sufficient basis for a bankruptcy court to enjoin the prosecution of a suit against the subsidiary.) Creditor's claim is against Lisa's Priceless Pets LLC as well as against Debtor personally, and actions directed at the LLC (a separate legal entity) were not automatically stayed.

52.      Furthermore, even assuming *arguendo* that Debtor is correct (she is not), Reilly has not taken any actions against Lisa's Priceless Pets LLC in the Federal Action, thus there is no conduct that violated the stay.

53.      Debtor alleges that Creditor's counsel Goldsmith acknowledged the automatic stay in writing to a federal judge and then willfully violated it. ECF. No. 125 at 2. However, acknowledging that a stay exists as to Debtor individually is fully consistent with the position that certain actions directed at the LLC were not stayed. The good faith legal position that the stay did not extend to the LLC is not a willful violation, rather, it is a legitimate legal argument that courts have recognized in appropriate circumstances.

54.      Even if the Court were to find a stay violation occurred, Debtor has not produced competent evidence of actual damages. Her certification describes emotional distress and disruption in general terms, but does not identify specific economic losses tied to specific alleged violations. ECF. No. 125 at 3–4. An award of damages under § 362(k) requires proof of actual injury causally connected to the specific stay violation alleged. *See In re Atlantic Business and Community Corp.*, 901 F.2d 325, 329 (3d Cir. 1990). Debtor has not proven any damages.

VI.      **THIS COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO MANAGE DEBTOR'S MOTION PRACTICE**

55.      Creditor respectfully brings to the Court's attention the cumulative burden imposed by Debtor's filing practice. **Since May 19, 2026, Debtor has filed nine separate**

15

**motion**s, certifications, and supplemental submissions—totaling more than 60 pages of text—directed at Creditor's counsel, her own former attorney, and Creditor himself. These filings have required Creditor to incur substantial legal fees in preparing this omnibus opposition.

56.     Bankruptcy courts have inherent authority to manage their dockets and to impose appropriate conditions on litigants who abuse the litigation process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991).

57.     While Creditor recognizes that Debtor is *pro se* and has the right to be heard, that right does not include the ability to flood this Court with redundant filings that re-argue the same allegations in successive documents without new cognizable legal or factual basis. Should these motions be denied, Creditor respectfully requests that the Court consider appropriate measures to ensure that any future motions filed by Debtor identify a distinct legal basis for the relief sought and are not merely supplemental arguments in support of claims already before the Court.

**CONCLUSION**

WHEREFORE, Reilly respectfully requests entry of an Order denying the following motions in their entirety: ECF. Nos. 113, 114, 115, 118, 120, 123, 125, 127, 130, and exercising its inherent authority to manage debtor's motion practice, and granting such other and further relief as this Court deems just and proper

Dated: June 18, 2026  
      New York, New York

Respectfully submitted,

**SCHLAM STONE & DOLAN LLP**

By: */s/ David J. Goldsmith*  
    David J. Goldsmith  
    26 Broadway, 19th Fl.  
    New York, New York 10004  
    Tel.: (212) 344-5400  
    Fax: (212) 344-7677

Email: dgoldsmith@schlamstone.com

*Attorneys for Creditor Shannon Reilly,*
*a/k/a Everett Reilly*