REC'D-BANKRUPTCY-NJ
2026 JUL 6 PM3:19:21

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re: Lisa Ann Filippini, Debtor
Case No. 25-16171-JKS

In re: Diana Kemp, Debtor
Case No. 25-16553-JKS

Hon. John K. Sherwood, U.S.B.J.

**LETTER TO THE COURT REGARDING IMPROPER THIRD-PARTY CONTACT BY OPPOSING COUNSEL**

Dear Judge Sherwood:

I write respectfully on behalf of both above-captioned matters to bring to the Court's attention the renewed and deliberate contact by Schlam Stone & Dolan LLP ("SSD") with Mark Filippini, a non-party to these proceedings, in apparent violation of established professional conduct standards and this Court's prior intervention.

## I. FACTUAL BACKGROUND

On June 18, 2026, SSD mailed litigation correspondence to Mark Filippini at 667 Hurricane Road, Keene, New Hampshire 03431 — the same address as co-debtor Diana Kemp. The correspondence concerned SSD's objections to outstanding discovery requests — objections that this Court subsequently rejected at the June 25, 2026 hearing, at which the Debtor, Lisa Ann Filippini, was awarded the requested discovery. The correspondence was received by Diana Kemp and Mark Filippini on June 29, 2026, after the matter had already been resolved in the Debtor's favor.

Mark Filippini is a non-party. He is not a debtor, creditor, witness, or party of any kind in either of the above-captioned cases. He has no connection to the discovery dispute or any other matter before this Court. There is no legitimate litigation purpose served by directing such correspondence to him. Copies of the envelopes addressed to both Diana Kemp and Mark Filippini are attached hereto as Exhibits A and B.

This is not the first time SSD has attempted to draw Mr. Filippini into these proceedings. Earlier in 2026, during the initial hearings in these matters, SSD issued repeated subpoenas targeting Mr. Filippini in connection with the 2022 sale of Diana Kemp's home. SSD falsely characterized funds that Ms. Kemp distributed to family members at that time as hidden assets concealed from this Court. Upon motion by the Debtor, this Court intervened and halted those subpoenas. SSD's current mailing to Mr. Filippini is a continuation of that same strategy — using a non-party family member as a vehicle for

pressure and harassment.

## II. LEGAL BASIS

**New Jersey Rules of Professional Conduct 4.4(a)** prohibits an attorney from using means that have no substantial purpose other than to embarrass, delay, or burden a third person. Mailing litigation correspondence to a non-party family member — particularly one this Court has already protected from SSD's prior overreach — serves no legitimate litigation purpose and constitutes exactly the kind of conduct RPC 4.4(a) is designed to prevent.

**11 U.S.C. § 105(a)** grants this Court broad authority to issue any order necessary to prevent an abuse of process. SSD's repeated targeting of a non-party who has no involvement in these cases constitutes an abuse of the litigation process that this Court has both the authority and the obligation to address.

**Federal Rule of Bankruptcy Procedure 9011** requires that litigation conduct not be presented for any improper purpose, including harassment. Directing correspondence to a non-party after this Court has already intervened to stop prior overreach against that same individual reflects a pattern of conduct inconsistent with Rule 9011's requirements.

## III. NO CREDIBLE CLAIM OF MISTAKE

SSD is a large, sophisticated law firm operating out of 26 Broadway, New York, New York. Outgoing correspondence at a firm of this size is reviewed, processed, and approved before mailing. Mark Filippini's name and address had to be deliberately entered into their mailing system. The suggestion that this was an inadvertent clerical error is not credible. This is the second time SSD has directed litigation activity at Mr. Filippini, and the pattern speaks for itself.

Opposing counsel has repeatedly argued in these proceedings that the Debtor, a pro se litigant, must strictly comply with all procedural requirements. That standard cannot apply selectively. If a pro se debtor is held to strict compliance, then a large, well-resourced law firm with multiple attorneys and support staff is held to at least the same standard — if not a higher one. A firm that demands procedural precision from an unrepresented party cannot credibly claim inadvertent error when it mails litigation correspondence to a non-party family member for the second time.

## IV. HARM TO NON-PARTY AND FAMILY

This conduct has caused direct harm to two people who have no role in this litigation. Diana Kemp, residing at 667 Hurricane Road, Keene, New Hampshire, received SSD's correspondence and was immediately distressed. She contacted Lisa Ann Filippini upon receipt. Mark Filippini resides at the same address and also received SSD's mailing. Mr. Filippini is Lisa Ann Filippini's brother and Diana Kemp's son. He is not a stranger to this family — he is a stranger to this litigation, and he has been made to feel the weight of it against his will. Having already endured SSD's prior subpoena campaign, which this Court halted, Mr. Filippini is deeply upset to find himself contacted again. His distress has

compounded Diana Kemp's own anxiety. Lisa Ann Filippini, operating her business in New Jersey, is left managing the impact of opposing counsel's conduct on her mother and brother from a distance.

**V. RELIEF REQUESTED**

The Debtor respectfully requests that this Court:

1. Direct Schlam Stone & Dolan LLP to immediately cease all contact with Mark Filippini;

2. Direct SSD to confirm in writing that Mark Filippini has been permanently removed from any service list, mailing list, or contact database associated with Case No. 25-16171-JKS and Case No. 25-16553-JKS; and

3. Issue such further relief as this Court deems just and appropriate under 11 U.S.C. § 105(a).

Respectfully submitted,

Lisa Ann Filippini Pro Se Debtor

Lisa Ann Filippini, Pro Se Debtor

Case No. 25-16171-JKS

20 Konner Drive

Franklin, NJ 07416

973-494-1849

lisa.fili@yahoo.com

Date: June 29, 2026

## EXHIBIT A

Envelope Addressed to Diana Kemp, 667 Hurricane Road, Keene, NH 03431

Mailed by Schlam Stone & Dolan LLP on June 18, 2026 — Received June 29, 2026



**EXHIBIT B**

Envelope Addressed to Mark Filippini, 667 Hurricane Road, Keene, NH 03431

Mailed by Schlam Stone & Dolan LLP on June 18, 2026 — Received June 29, 2026



Retail

RDC 01

07102

0 Lb 2.00 Oz

U.S. POSTAGE PAID
USPS Ground Advtg
POMPTON PLAINS, NJ 07444
JUL 03, 2026

$7.90

S2324a502551-41

**FROM:**
Lisa Ann Filippini, Pro Se Debtor
Case Nos. 25-16171-JKS & 25-16553-JKS
20 Konner Drive
Franklin, NJ 07416

**TO:**
Hon. John K. Sherwood, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
Martin Luther King Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

USPS TRACKING® #

9500 1149 9781 6184 8405 11