Lisa Filippini, *Pro Se*
*Debtor, appearing without counsel*

REC'D-BANKRUPTCY-NJ
2026 AUG 24 PM2:56:32

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 13 |
| **Lisa Filippini**, | Case No. 25-16171-JKS |
| Debtor. | Hon. John K. Sherwood |
| | Hearing Date: August 27, 2026 |

SUPPLEMENTAL CERTIFICATION

## SUPPLEMENTAL CERTIFICATION OF LISA FILIPPINI IN FURTHER SUPPORT OF MOTION REGARDING AMAZON DEMANDS AND COMMUNICATIONS FROM CLAIMANT'S COUNSEL

I, Lisa Filippini, appearing *pro se*, hereby certify as follows:

1. I previously submitted a Motion regarding repeated demands and communications from Claimant's counsel concerning my Amazon purchase records. I submit this Supplemental Certification to add one fact that should have been included in that Motion and was not.

2. At every hearing in this case at which Claimant's counsel, Eni Mihilli, has raised the subject of my personal spending, the Court has told her that I am entitled to spend my own money as I choose. Ms. Mihilli has responded, in substance, that this would not be true if I were not paying Reilly what he is owed — a position that assumes the validity of the very claim this Court has not yet decided.

3. Despite the Court repeatedly telling her this is not a relevant line of inquiry, Ms. Mihilli has continued to raise it, including in her most recent email to me, in which she stated that I "stole" from Reilly to pay for jewelry, makeup, and other personal purchases. This is the same argument the Court has already rejected, restated in more inflammatory terms.

4. I have already produced approximately seven years of my bank statements in this litigation. Every Amazon charge that posted to my account during that period is already reflected in those statements, which Claimant's counsel has had for some time. An Amazon account password

would not show anything about my spending that is not already in the records Claimant's counsel already possesses; it would only grant broader access to my personal account itself.

5. I make this supplemental submission so the record reflects, in my own words, what I have personally observed at these hearings: that this issue has already been addressed by the Court, more than once, and that Ms. Mihilli continues to raise it regardless.

6. My accountant, Larry Stetz, has already notified the Court of his availability to testify by Zoom regarding the corporate veil-piercing allegations raised in this case. His testimony will confirm that maintaining one account for both business and personal expenses is normal and proper practice for a single-member LLC, and that there is no evidence of fraudulent use of my business funds.

7. The record already before this Court also shows that Reilly himself was paid substantial money during his employment — by his own W-2s and his own handwritten tip records, more in most years than I was paid myself. Any suggestion that money was being diverted away from him is contradicted by the amount he is documented to have actually received.

8. The actual question in this case is whether Reilly was paid what he was owed, and the evidence I have submitted answers that question directly. I respectfully ask the Court to focus this case on that question, rather than continuing to permit repeated, shifting accusations about my personal spending that have no bearing on it. Being told, again and again, that I am secretly hiding or stealing money, when the documented evidence shows the opposite, does not feel like ordinary litigation to me. It feels like being violated over and over, and it happens every day this continues.

I certify under penalty of perjury that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Lisa Filippini (signature)

Lisa Filippini
Dated: 8/20/26

---

**CERTIFICATE OF SERVICE**

I hereby certify that on 8/20, 2026, I served a true and correct copy of the foregoing Supplemental Certification upon the following parties:

- David Goldsmith, Esq. and Eni Mihilli, Esq., Schlam Stone & Dolan LLP, counsel for Claimant Shannon Reilly
- Office of the Standing Chapter 13 Trustee

by the following method: ■ U.S. Mail ■ Email ■ ECF ■ Other: ____________________

Lisa Filippini

Lisa Filippini
20 Corner Drive
Franklin, NJ [ZIP]

07416

REC'D BANKRUPTCY NJ
2026 AUG 24 P 2:55:35

Retail

UNITED STATES POSTAL SERVICE®

07102

RDC 03 0 Lb 1.10 Oz

U.S. POSTAGE PAID
PM
POMPTON PLAINS, NJ 074
AUG 20, 2026

$11.00

S2324E501644-41

United States Bankruptcy Court
of New Jersey
Martin Luther King Jr. Federal Buildi
50 Walnut Street
Newark NJ
07102

3RD Floor
CourtRM 3D

Case #
25-16171-JKS

EXPECTED DELIVERY DAY: 08/22/26

USPS TRACKING® #